## James Smith *vs.* Benjamin Follansbee, Jr. & *al.*

The English statute of *Gloucester*, if ever adopted in *Massachusetts*, was repealed, as to tenants in dower, by the statute of 1783, *c.* 40; and was wholly inoperative at the time of the separation of *Maine* from that State.

Nor did the repeal of the statute of 1783, by the Legislature of *Maine*, nor the legislation upon the subject of dower, without re-enacting the provisions charging the tenant with forfeiture for waste, restore the validity of the statute of *Gloucester*.

An action of waste cannot be maintained in this State, against a tenant in dower.

*Semble,* that an action on the case in the nature of waste, to recover the damages sustained, may be maintained by the reversioner against a tenant in dower for actual waste.

*Dubitatur,* whether such action can be maintained for permissive waste.

Exceptions from the Court of Common Pleas.

This was an action of *waste.* The plaintiff alleged, that the defendants were assignees of a tenant in dower, and that he was the owner of the reversion ; and that the defendants had made waste and destruction of the premises by suffering the dwelling-house to go to ruin and decay, the windows to be broken, the shingles on the roof to become rotten, &c. ; and that the defendants had thereby forfeited the place wasted, together with three-fold damages for the amount of the waste. The action was referred to referees by rule of Court, who at the request of the parties found the facts in form of a special verdict, and submitted the questions of law arising thereon to the decision of the Court. One *Sarah Smith* had the premises assigned to her, as her dower in the estate of her late husband, in *January*, 1821 ; that in *April*, 1823, *Mrs. Smith*, conveyed the premises so assigned to her to the defendants ; that during his life, in 1819, the husband of *Mrs. Smith*, through whom she was entitled to dower, conveyed the same premises to the plaintiff ; that the outside of the shed and roof of the house were not kept in repair for some time before, nor at any time after the conveyance to the defendants, but were suffered to go to decay, which decay was solely occasioned by the operation of time and weather ; that to repair the same and put them in as good condition, as when conveyed to the defendants, would cost $43,75 ; and that if the plaintiff be entitled to recover, the single damages would be said sum of $43,

75. The defendants, by their counsel, on the return of the report of the referees into Court, contended that the plaintiff should be ordered to become nonsuit.

1. Because, by law, an action of waste does not lie against tenants in dower, and is not the appropriate remedy for the injuries supposed to have been sustained.

2. Because treble damages are not recoverable of tenants in dower for waste.

3. Because tenants in dower are not liable in any form for permissive waste.

4. Because, by law, the estate supposed to be wasted is not forfeited.

But *Smith J.* who then held the Court, accepted the report of the referees, and adjudged, that the plaintiff recover against the defendants threefold damages, and the land set off as dower on which were the buildings thus wasted, with costs.

To this opinion and adjudication the defendants excepted.

The case was argued in writing by *Evans*, for the defendants, and by *F. Allen*, for the plaintiff.

*Evans*, in his argument, enforced these positions.

The first question to be considered is ; whether an action of waste can be maintained in this State against a tenant in dower ? In this State it is unknown in practice ; not given by statute ; nor required for the full administration of justice. The remedy by special action on the case is sufficient for all injuries, that may be sustained, and accords much better with the growing liberality of the law, which seeks rather to avoid, than to enforce a rigid exaction of penalties and forfeitures. If further remedy be wanting, a writ of injunction against doing waste would furnish it. The reasons, which, six centuries ago, justified the severity of the English laws against tenants impeached of waste, never existed here, and the doctrine was " enlarged and better accommodated to the circumstances of a new and growing country." 4 *Kent's Com. 3d Ed. 76 to 82, and notes.* Jurists of the first eminence are not agreed in the cases in which the action can be maintained. *Mr. Dane* is of opinion, that it lies against tenants in dower only ; and that not by the statute of *Gloucester*, but by the *Massachusetts* statute of 1783, *ch.* 40, respecting dower. *Judge Jackson* is of opinion, that it may be maintained in all

cases, and that the statute of *Gloucester* became by adoption the common law of *Massachusetts*, and the Supreme Court seem to coincide in the opinion of *Judge Jackson*, in *Sackett* v. *Sackett*, 8 *Pick*. 309, but in the language of doubt and hesitation. It is yet to be settled what is the law in this State. The Court admit, that it was competent for the colonial legislature to repeal that statute, if adopted. Whether they did so or not, it is now contended, that the *Massachusetts* act of 1783, *ch*. 40, did abrogate and repeal the statute of *Gloucester*, so far as it regards tenants in dower. It was legislation on the subject, and defined the rights, liabilities and remedies of parties. The Court so considered it in *Padelford* v. *Padelford*, 7 *Pick*. 152. By virtue of this act, the statute of *Gloucester*, so far as it respected tenants in dower, became inoperative in *Massachusetts*, and of consequence was so in this State at the separation. By the 10th article, § 3, of the Constitution of this State, the laws of *Massachusetts* were the laws of this State, until altered or repealed. By the general repealing act of *March* 21, 1821, this act was repealed, being specially named in the act. This did not revive and again put in force the *statute* of *Gloucester*. The legislature of *Maine* early revised the statute respecting dower. *Statute*, *ch*. 40. It re-enacted so much of that of *Massachusetts*, as was deemed proper, but differs entirely from it. It makes no prohibition of waste ; gives no writ of waste ; and no forfeiture. It is insisted for the defendants, that the action of waste does not lie in this State against tenants in dower.

If the action of waste cannot be sustained, forfeiture of the place cannot follow, nor treble damages. The first, second and fourth objections made at the trial are thus disposed of.

As to the third objection, it is contended, that *no action* can be maintained against tenant in dower for such waste, as the report finds this to have been, " occurring wholly by time and weather." Such tenant is never liable for permissive waste unless it occur through carelessness or negligence. 4 *Kent's Com.* 81.

But a dowress, to use a good word of *Chancellor Kent*, though not found in the dictionaries, is not bound to repair the ravages of time and weather and natural decay. The statute of *Maine*, dif-

fering in that respect from that of *Massachusetts,* imposes no such obligation. If the widow were bound to make good all natural decay, and to leave the premises, as valuable, as they were when she went into possession ; to make old buildings equal in value to new ones; the benefit of dower would be very materially diminished.

*F. Allen,* for the plaintiff.

Nothing urged by the counsel for the defendants is sufficient to authorize this Court to overrule the opinion of the Court below. It has been said, that the action of waste will not lie in this State. A list of the authorities relied on for the plaintiff was furnished to the counsel opposed ; but no authority is cited in support of this position ; and as numerous authorities are found in favor of maintaining the action in *Massachusetts* both before and since the separation; the position on the ground of authority is untenable. In favor of supporting the action are these authorities. *Carver* v. *Miller,* 4 *Mass. R.* 559 ; *Sullivan on Land Titles,* 180, 333 ; *Sackett* v. *Sackett,* 5 *Pick.* 191 ; *Sackett* v. *Sackett,* 8 *Pick.* 309. I am not aware, that any one has questioned, that the action of waste would lie against tenant in *dower* ; but wherein any one has expressed doubts, as to other tenants for life or years, it seems to have been taken, as conceded, that there was no uncertainty, as to the right to such remedy against this class of tenants. The difference of opinion referred to as entertained by jurists, was whether the statute of *Gloucester* had been adopted in *Massachusetts ?* Upon this point the authorities are thus balanced. In the negative, *Mr. Dane.* In the affirmative, *Parsons C. J.,* in delivering the opinion of the Court, in *Carver* v. *Miller,* before cited; *Jackson on Real Actions,* 20, 331, 340 ; The Court in *Sackett* v. *Sackett,* 8 *Pick.* also cited ; 4 *Kent's Com.* 76 to 82, cited for defendant, where the decisions are commented upon, and the weight of his opinion added in the affirmative. *Mr. Dane* supposed, that the *statute* of *Massachusetts* of 1783, giving the place wasted and damages, was a substitute for the *statute* of *Gloucester,* and that the latter had not been adopted there. But he stands alone in the opinion ; and the authority against him is overwhelming. The case of *Padelford* v. *Padelford* was but a *per curiam* opinion, entitled to but little

weight in itself, not opposed, merely placing the decision on a different ground, and not considered by the Court, in *Sackett* v. *Sackett*, 8 *Pick.* as conflicting with our position. And such is the opinion of Judge *Kent*. 4 *Com.* 81, note. As the *statute* of *Gloucester* then was adopted in *Massachusetts*, and remained in force, as the common law of the State, after the act of 1783, it became the common law of this State on the separation. The repeal of the *statute* of 1783, did not alter the case in the least. The common law remained unaffected by it, and in full force here. No *remedy whatever* was provided or even alluded to in the *stat.* of this State, *ch.* 40, as to waste committed. The fair and only legitimate inference to be drawn from that is, that the legislature, well knowing the law laid down in *Carver* v. *Miller*, and considering the *statute* of *Gloucester* to be the common law here, intended the provisions of it *to* be the law and the remedy here. If such be not the case, then we have no law on the subject. There is the same difficulty in maintaining an action on the case in the nature of waste. And besides, if resort might be had to that, or to an injunction to stay waste, they would but subject the reversioner to expense, and would in most cases be wholly fruitless, because in most cases such tenants are wholly unable to pay.

Tenants in dower and their assigns are liable for permissive waste. *Carver* v. *Miller*, before cited ; *Sullivan*, 180, 333 ; 4 *Kent's Com.* 76, 79, 81.

At a subsequent term, the opinion of the Court, having been drawn up by him, was delivered by

Weston C. J. — The plaintiff claims judgment for the place wasted, and also for treble damages ; and he founds his claim upon the statute of 6 *Edward* 1, *ch.* 5, called the statute of *Gloucester*. Whether therefore he is entitled to the judgment, for which he contends, will depend upon the decision of the question, whether as against tenant in dower, that statute at the time when the waste complained of was suffered, was in force in this State as part of our common law.

By the third section of the tenth article of the constitution, it is provided, that " all laws now in force in this State, and not repugnant to the constitution, shall remain or be in force, until

altered or repealed by the legislature." The laws of *Massachu-setts* were then the laws of this State. Was a tenant in dower at that time liable to be charged in an action of waste, under the statute of *Gloucester?* Chief Justice *Parsons,* in *Carver* v. *Miller,* 4 *Mass.* 559, intimates an opinion, that tenant in dower is liable to forfeit for waste, the place wasted and treble damages. No question however upon this point, had been raised before the court in that case.

In *Padelford* v. *Padelford,* 7 *Pick.* 152, which was an action of waste, the plaintiff claimed treble damages, which are given by the statute of *Gloucester ;* and the question was directly presented to the court whether he was entitled to them. The Court decided, that it was not necessary to resort to the statute of *Glou-cester ;* and that single damages only should be awarded, according to the statute of *Massachusetts. Stat.* of 1783, *ch.* 40, $ 3. But it is urged, that the same court decided differently in the case of *Sacket et al.* v. *Sacket,* 8 *Pick.* 309. The marginal note to that case is, that the statute of *Gloucester* has been adopted, as a part of the law of the Commonwealth, though in respect to tenant in dower, modified there by statute. In that case, the court go into an elaborate consideration of the question, whether the statute of *Gloucester* had been adopted, as a part of the common law of *Massachusetts ;* and they come to an affirmative result, notwithstanding the opposing opinion of *Mr. Dane.* As it was a part of the existing law of *England,* at the time of the emigration of our ancestors, necessary for the protection of real property, it was held that they brought it with them. But the court say further, that they also brought with them " power to make such new laws, as their exigencies might require. They could live under the old law, or make new ones. Whenever they legislated upon any subject, their own law regulated them ; when they did not legislate, the law they brought with them was the rule of conduct."

The colonial legislature did legislate upon the subject of dower, in 1641, and the provincial, in 1701 subjecting the widow to an action, for any strip or waste, by her done, committed or suffered. They were silent, as to what she should forfeit, or what should be the nature of the action, to which she was made liable. And

upon the question, whether the law before existing was thereby repealed, and an action on the case for damages substituted, or whether the action intended was one under the statute of *Gloucester,* the court in the case last cited manifestly incline to the latter opinion. They however make no comment whatever upon the *statute* of 1783 ; but the result of their reasoning clearly is, that the former law was thereby changed and modified, as the reporter understood it.

That statute not only legislated upon the subject of dower, but it prescribed what tenant in dower should forfeit for waste, and to whom. Had either the colonial or provincial statute gone as far, the course of reasoning adopted by the court, would have led them at once to regard it, as a substitute for the *English* law. It would have been held as a clear manifestation of the legislative will, that the new forfeitures, and not the old, should be visited upon the delinquent. So the same court thought in *Padelford* v. *Padelford.* We find no discrepancy between the two cases. *Sacket* v. *Sacket* was not brought against tenant in dower. In the former case, the statute of *Gloucester* was held not to apply, because that of the Commonwealth had substituted a new remedy. In the latter, it was held that it did, because no other remedy had been provided. If they had intended to overrule the former case, which was decided only the preceding year, they would have so intimated. But there is no inconsistency between the cases. The same reasoning supports both.

Without giving any opinion upon the question, whether the statute of *Gloucester* was adopted in *Massachusetts,* before our separation, we are satisfied that if it was, a tenant in dower was relieved from its operation, in virtue of the statute of 1783. At the time therefore of the adoption of our constitution, such tenant was not liable to be charged, under the former statute. The legislature of *Maine* did in 1821 repeal the *statute* of 1783, within this State ; and in the revision of the laws, they legislated upon the subject of dower, without re-enacting the provisions, charging the tenant with a forfeiture for waste. What was the effect of this repeal ? Did it subject the tenant to the severe forfeiture of the statute of *Gloucester?* Without determining that such would have been its effect, if that statute had constituted our

common law before, it is sufficient to say, that such could not have been the operation of the repeal, the statute of *Gloucester*, as it respects tenant in dower, never having been the law of *Maine* at any former period, at or after the adoption of the constitution.

It is insisted, that this action ought to be maintained, because otherwise tenant in dower may commit waste with impunity. If it were so, this view of the case addresses itself to the legislative, rather than to the judicial power. It is, doubtless however, still an unauthorized act, to the injury of the reversion; and we do not at present perceive any objection to the maintenance of an action on the case, in the nature of waste, against tenant in dower; but whether or not for permissive waste, may require investigation. 4 *Kent,* 79.

The exceptions are sustained. And the opinion of the Court is, that the action of waste cannot be maintained against the defendants upon the facts.

*Judgment for the defendants.*